**REFUSAL TO ENJOIN ERECTION OF A DRY CLEANING PLANT.**

Circuit Court of Cuyahoga County.

ADA ADAMS AND EMMA A. BRITTON V. HENRY MUELLAIRE AND
PROSPER IRVING

Decided, January, 1905.

*Nuisances—A Dry Cleaning Plant Not Necessarily a Nuisance.*

A plant to be used for dry cleaning and dyeing garments may be so
constructed that it will not be *per se* a nuisance to adjoining prop-
erty owners, and where the evidence shows that a plant construct-
ed in that manner is contemplated, its erection will not be enjoined.

*Jas. A. Ford* and *Cushing & Clark,* for plaintiffs.
*C. J. Neal* and *J. C. Hutchins,* contra.

MARVIN, J.; HALE, J., and WINCH, J., concur.

The plaintiff, Ada Adams, is the owner of a parcel of real
estate in the city of Cleveland, Cuyahoga county, Ohio, bounded
westerly by Hayward street, having a frontage of 102 feet 4½
inches on said street and a depth of about 107 feet.

The plaintiff, Emma A. Britton, owns a parcel of land imme-
diately south of said Adams property and having a frontage on
Hayward street of 55 feet and a depth the same as that of the
property of the plaintiff, Adams.

On the property owned by these plaintiffs there is a block of
six dwelling-houses, the two most southerly of said houses being
the property of, and upon the lands of said Britton, and the four
more northerly of said houses being the property of, and upon
the lands of said plaintiff, Adams. These are good and sub-
stantial brick houses except that the Hayward street front is of
stone and the wall of the most southerly of these houses is of
stone and is next to Sibley street.

The defendants, who are partners doing business under the
firm name of H. Muellaire & Co., have recently purchased a
parcel of land bounded on the south by Sibley street and on
the west by the east line of the premises of the plaintiff.

The defendants carry on what is known as a dry cleaning and dyeing establishment, and propose and intend to erect buildings upon their said land and furnish said buildings with machinery and appliances for the carrying on of said business extensively.

In the conduct of said business the defendants use and will use upon their said premises gasoline in large quantities. They intend to carry on a business which will require the keeping upon said premises of several hundred gallons of gasoline all the time.

At the time this action was brought it was the intention of the defendants to erect and construct their said buildings and appurtenances and place therein and use machinery and devices, upon plans which the evidence shows would be attended with danger from explosions and fire in such wise as to greatly endanger the property of the plaintiffs and as would also cause offensive odors from such gasoline to pass from said premises to the houses of the plaintiffs to such an extent as to greatly discommode the occupants of such houses.

The relief sought by the plaintiffs is an injunction restraining the defendants from storing upon their said premises "gasoline or any similar volatile and inflammable product or petroleum and from using any such substance upon said premises; from allowing odors therefrom to escape or from other substance giving forth into the surrounding air offensive odors; from conducting the business of dry cleaning upon said premises; from conducting the business of dyeing upon said premises; and from erecting upon said premises any building designed for the purpose of conducting therein the business of dry cleaning or the business of dyeing."

The evidence shows the business contemplated by the defendants consists largely in the cleaning and dyeing of wearing apparel and other similar goods; that in such cleaning large quantities of gasoline are used; that the gasoline as used produces vapor in large quantities, which vapor under certain conditions is very inflammable and is explosive and that it produces offensive odors.

If it were the purpose of the defendants to construct their buildings and appurtenances and conduct the business under the plans which they intended to follow at the time this action was begun, we should have no hesitation in granting an injunction against such construction and carrying on of the business; but the evidence clearly shows that the defendants now propose to erect buildings with devices and appliances materially different from those intended at the time of the bringing of the suit. Plans have been submitted to us and we have had the testimony of experts, which lead us to the conclusion that the business of dry cleaning and dyeing, to the extent that these defendants propose to carry the same on and for which they propose to erect their buildings and supply their appliances, may be so conducted as to practically relieve the neighborhood from offensive smells emanating from the business and so as to reduce the dangers from fire and explosions so completely as that the business would not be such as to constitute a nuisance which could be enjoined by the court.

The evidence further shows that the defendants have employed an educated chemist and practical man under whose directions they are to put in their machinery and appliances.

We can not say, as the evidence now stands before us, that the construction of the buildings and the furnishing of the appliances and the carrying on of the business as is now proposed by the defendants will result in annoyance by smells or endanger by fires or explosions so as to constitute a nuisance, and that being so, we must deny the injunction prayed for.

It does not follow from this that when the buildings of the defendants are constructed and their appliances introduced that they may not turn out to be such as that the court should enjoin their use for the purpose intended, nor does it follow that the plaintiffs may not be entitled to an injunction from the carrying on of the business as the defendants may undertake to carry it on. We hold, only, that the evidence before us does not satisfy us that what the defendants contemplate doing will constitute a nuisance entitling the plaintiffs now to an injunction.

Finding however, as we do, that when this suit was begun the defendants did contemplate the construction of buildings and appliances which would have been dangerous and offensive in their operation, the costs of this proceeding should be assessed against the defendants. The judgment, therefore, is that the petition of the plaintiffs is dismissed at the costs of the defendants.

---

## INSOLVENCY OF CORPORATION PROVED BY TAKING A DEFAULT JUDGMENT.